

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2147
Re: The validity of an assess-
ment at actual value, other
properties being valued for
tax purposes at 40% of ac-
tual value.

In your letter of March 29, 1940, you advise that in 1934 a certain taxpayer rendered his property at its actual market value, which rendition was not reduced by the Board of Equalization. However, as to other properties in the county for the same year, values for tax purposes were intentionally fixed at only forty per cent of actual value by the Board of Equalization. You request our opinion as to whether or not the Commissioners' Court of such county may now declare such assessment void and cause the property to be reassessed for the year in question.

Under Article 7164, Revised Civil Statutes, in rendering his real estate, the taxpayer was required to set forth the "true and full value thereof". According to the facts submitted to us, he complied with that statute literally. Article 7211, Revised Civil Statutes, requires the tax assessor to deliver the renditions to the Commissioners' Court. Then Article 7212 provides that "The boards of equalization shall have power, and it is made their official duty, to supervise the assessment of their respective counties; and, if satisfied that the valuation of any property is not in accordance with the laws of the state, to increase or diminish the same and to affix a proper valuation thereto," etc.

While it is undoubtedly contemplated that property shall be assessed and taxed upon its fair cash market value (Art. 8, Sec. 20, and Art. 8, Sec. 1, State Const., and Art. 7164, R.C.S.), it must be borne in mind that Article 8, Section

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

1, of the Constitution of Texas, also requires that "Taxation shall be equal and uniform", and provides that "All property . . . shall be taxed in proportion to its value".

In Lively vs. M. K. and T. Railway Company, 120 S.W. 852, by the Supreme Court, the intangible assets of a railroad were assessed at full value, whereas the property of individuals was assessed at only two thirds of its real value, in accordance with a deliberately adopted policy. In answer to certified questions, the Supreme Court held that the trial court had correctly granted an injunction against the collection of taxes on more than two thirds of the value of such intangible assets. After observing that while other property was deliberately assessed at only 66 2/3 per cent of its real value, the intangible assets of the appellee were assessed at 100 per cent, the court said:

". . . It is evident that this was a deliberate scheme on the part of the officers of Dallas county by which the assessment was made at the proportion of its value stated, and there is nothing in the case to indicate that there was any mistake on the part of the officers. It was the deliberately adopted policy to so discriminate between the different classes of property in the assessment for taxation. It is not necessary that the officers in so discriminating should have intended specifically to injure the appellee or other railroad companies. It is sufficient that by their action they denied the appellee the equal protection of the Constitution and laws of the state. The intention with which the acts were done is of no consequence. Such deliberate action on the part of officers charged with the enforcement of the law must be held to be the act of the state, and the appellee was entitled to relief against the enforcement of the excessive assessment. . .

"Counsel for the appellants object to the reduction of the value of appellee's property as assessed by the state board because that assessment was made in conformity to the Constitution and laws of the state and was therefore valid. It is claimed that it is not permissible to overturn this valid assessment and to base the judgment of the court upon that which was made contrary to the laws and Constitution. That is a plausible proposition, and would be applicable if the object of this proceeding

Honorable George H. Sheppard, Page 3

were to enforce the rights of the appellee to a fair
valuation of its property. But, as stated before in
this opinion, the wrong which was inflicted upon the
appellee was not in requiring it to pay taxes upon
the full value of its property, but in denying to it
the equality of taxation secured by the Constitution,
which equality of taxation necessarily depends upon
uniformity of assessment. . ."

Ordinarily the action of a board of equalization upon
a particular piece of property is final, and a valuation will
not be set aside merely upon showing that it is excessive.
However, such does not hold true when such excessive valuation
is shown to result from fraud on the part of the board of equal-
ization, or from an arbitrary or fundamentally wrong method of
assessment. Lively vs. Ry, supra; State vs. Mallet Land and
Cattle Co., 88 S.W. (2) 471; Rowland vs. City of Tyler, 5 S.W.
(2) 756; T. & P. Ry. Co. vs. El Paso, 85 S.W. (2) 245; Neder-
land Ind. School Dist. vs. Carter, 93 S.W. (2) 487; Druesdow
vs. Baker, 229 S.W. 493.

In the case which you submit to us, the taxpayer was
complying with the statute in rendering his property. He should
not be discouraged from doing that. In giving the actual value
and making oath to it he was only swearing to the truth. He
should not be penalized for that. He was entitled to believe
that all property would be assessed at its true value, or if
other property was to be deliberately assessed at only a frac-
tional part of its value that his assessment would be reduced
as provided in Article 7212. Whether the failure to diminish
the valuation on his property was intentional or accidental, the
effect is the same. Proportionally he is paying more than twice
the tax paid by those about him. This violates Section 1 of Ar-
ticle 8 of the State Constitution requiring that taxation be
equal and uniform. In our opinion the action of the Board of
Equalization was void as to this man's assessment. In Druesdow
vs. Baker, supra, the Supreme Court said:

"The decisions of the (State) Tax Board in
the matter of valuations are quasi judicial in
their nature. This action (to enjoin collection
of tax) is therefore a collateral attack upon the
judgment of a quasi judicial tribunal. Such an
attack cannot be justified in the absence of fraud,

72.

or something equivalent thereto; lack of jurisdiction; an obvious violation of the law, or the adoption of a fundamentally wrong principle or method, the application of which substantially injures complainant."

The commissioners' court sitting as a board of equalization is acting in a similar capacity to that of the State Tax Board, and if the decision of the one is quasi judicial in nature so is that of the other. See G. C. & S. F. Ry. Co. vs. State, 9 S. W. (2), 1051, at p. 1052, so indicating. Our courts have frequently granted injunctions to prevent the collection of excessive taxes, where such excessiveness is a result of the adoption of a fundamentally wrong method of assessment or of fraud or other arbitrary action on the part of the board of equalization. This can only mean that assessments which are excessive by reason of such situations are void.

In our opinion, the 1934 assessment described above was void and reassessment may be had as provided in Chapter 11, Title 122, Revised Civil Statutes.

Bearing on the question we would also cite the cases of State vs. Houser, 137 S.W. (2) 800, French Independent School Dist. vs Howth, 134 S.W. (2) 1036, and G.C. & S.F. Ry. Co. vs. State, 9 S.W. (2) 1051.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

GRL:ew

APPROVED MAY 2, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE